**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELIJAH SIMS, Jr., | No. 15-35424 |
| Plaintiff-Appellant, | D.C. No. 3:11-cv-00916-MA |
| v. | |
| NANCY A. BERRYHILL, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Malcolm F. Marsh, District Judge, Presiding

Submitted November 2, 2017**
San Francisco, California

Before: THOMAS, Chief Circuit Judge, and TROTT and SILVERMAN, Circuit
Judges.

Elijah Sims, Jr. appeals the district court's order affirming the Social

Security Administration's denial of his applications for disability benefits. Sims

alleged disability due to chronic pain in his back and neck. We have jurisdiction

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

pursuant to 28 U.S.C. § 1291. We review the district court's order de novo and may reverse the agency's denial of benefits only if the ALJ's decision is not supported by substantial evidence or contains legal error. *Garrison v. Colvin*, 759 F.3d 995, 1009-10 (9th Cir. 2014). We affirm.

Sims argues that the ALJ implicitly rejected the opinion of his treating orthopedic surgeon, Dr. Brett, by finding that Sims could perform medium work with some additional limitations. However, the ALJ reasonably adopted the treating specialist's opinion and incorporated all of the limitations enumerated by Dr. Brett into the residual functional capacity assessment.

Sims also argues that the ALJ erred by adopting the opinion of Dr. Brett, instead of the 2009 opinion of Dr. Denker and the opinions of Dr. Lee. The ALJ provided specific and legitimate reasons supported by substantial evidence for rejecting the opinions of treating providers Drs. Denker and Lee. *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). Dr. Denker's 2009 opinion was inconsistent with his 2005 treatment note, which indicated that Sims could return to work with modifications to his work space, and his 2010 note that the imaging reports showed little change over the years and did not support Sims's complaints of pain. *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014) ("A conflict between treatment notes and a treating provider's opinions may constitute an

adequate reason to discredit the opinions of a treating physician or another treating provider.").

The ALJ also gave specific and legitimate reasons supported by substantial evidence for giving less weight to the opinions of Dr. Lee. Dr. Lee's opinions were inconsistent with his objective examination findings, the imaging reports, and other treating and examining specialists' opinions in the record. *Id.* The ALJ found that Sims's condition did not significantly change after Dr. Brett's assessment and that Dr. Brett's assessment was consistent with subsequent assessments by consulting and examining specialists. This finding is supported by medical evidence in the record, including the imaging reports, treatment notes, and the later consulting and examining specialists' opinions. The ALJ weighed the conflicting treating and examining opinions and gave specific and legitimate reasons supported by substantial evidence for adopting Dr. Brett's treating specialist opinion, instead of Dr. Denker's 2009 opinion and Dr. Lee's opinions.

Sims argues that the ALJ erred by rejecting his symptom testimony. However, the ALJ identified the specific testimony that he found to be not credible and provided at least one clear and convincing reason supported by substantial evidence for rejecting Sims's testimony as not credible. *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015). Sims's subjective symptoms were inconsistent

with the imaging reports and physical examinations of several treating and examining physicians. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."). As for the argument that the ALJ didn't consider Sims's testimony about the side-effects of his medication, "the ALJ took into account those limitations for which there was record support that did not depend on [Sims's] subjective complaints." *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

Finally, the ALJ provided germane reasons for rejecting the testimony of Patricia Sims. Her testimony was inconsistent with the objective medical evidence and residual functional capacity assessments of the treating and examining specialists. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (an ALJ provides germane reasons for rejecting a spouse's similar testimony if the ALJ rejects the testimony for the same reasons that he rejected the claimant's testimony).

**AFFIRMED.**